**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| CANDICE NESSMITH, Individually, | No. 86835-7-I |
| Appellant, | |
| v. | DIVISION ONE |
| HOA LIU RESTAURANT LLC, DBA PHO LIU RESTAURANT, | UNPUBLISHED OPINION |
| Respondent. | |

MANN, J. — Candice Nessmith appeals summary judgment dismissal of her personal injury negligence claims. While in a parking lot of a restaurant, Nessmith was assaulted by Rudy Finne. Nessmith sued the restaurant for negligence and negligent service of alcohol. Nessmith argues the trial court erred because genuine issues of material fact remain as to whether the restaurant owed a duty to her. We affirm.

I

Mui Tham is the president of Hoa Liu Restaurant LLC and does business as Pho Liu Restaurant (the restaurant, and collectively Pho Liu). The restaurant is located in Burien and consists of a dining area, bar, patio, and parking lot. Staff at Pho Liu included Tham's uncle, Va Tham (Jimmy), and bartender Nicole Corella.

On July 11, 2022, Nessmith went to Pho Liu. While there she noticed Finne at the bar conversing with Rebekah Murray in a manner that caused Nessmith concern that Murray "was being put in a very uncomfortable situation." Nessmith asked Corella if Murray was okay and Corella responded, "they're okay, they always talk to each other like that." Nessmith went to the patio area and saw that Finne and Murray were also on the patio. Nessmith overheard Finne speaking to Murray in a rude manner and Nessmith felt compelled to tell Finne to stop. In response, Finne came up close to Nessmith and told her "mind your own fucking business." At this point, Nessmith observed Finne to be very intoxicated, slurring his speech, and stumbling. Nessmith smelled alcohol on Finne but did not see him consume or order any alcohol. No one else observed the interaction on the patio. Although the interaction scared Nessmith, she did not report Finne to any Pho Liu employees or call the police.

A short time later, Nessmith left Pho Liu and saw Finne and Murray in the parking lot. Nessmith observed Finne's hands on Murray and so she approached the couple and asked Murray, "are you okay." Finne turned to Nessmith, grabbed her by the neck and threw her to the ground. As Nessmith got up, Finne again threw her to the ground and she suffered a tibial fracture. No one from the restaurant witnessed the assault. Nessmith returned to the restaurant and told Corella and Jimmy what happened. Jimmy stopped Finne from reentering the restaurant and locked the door.

The police were called and Finne was arrested.

Nessmith sued Pho Liu for negligence and negligent service of alcohol. Nessmith asserted Pho Liu breached its common law and statutory duty by serving Finne while he was apparently intoxicated. Nessmith also asserted Pho Liu breached

its common law duty to her as a business invitee by failing to keep the premises safe and protect her from foreseeable third-party criminal attacks. Nessmith sought damages, attorney fees, and costs.

Corella testified by deposition that she had served Finne and Murray several times before the night of the assault and had never seen Finne be aggressive. Corella didn't recall exactly what she served Finne on the night of the assault, but believed it was a beer and a shot. Corella testified that Nessmith came into the bar from the patio and told her that she did not like the way Finne was speaking to Murray. Corella advised Nessmith to come inside to drink her beer and not to get in the middle of a couple having a discussion with each other.

Pho Liu moved for summary judgment. Pho Liu argued that Nessmith failed to present any evidence that Finne was served alcohol at the restaurant while he was apparently intoxicated and thus there is no evidence that Pho Liu breached its duty. Pho Liu also argued that there is no genuine dispute as to whether Pho Liu had a duty to protect Nessmith from third parties or that it had a duty to hire security personnel.

Nessmith moved for partial summary judgment on the issue of her status as a business invitee and her reasonable medical expenses.

The trial court granted Pho Liu's motion for summary judgment and dismissed the case. The trial court denied Nessmith's motion for partial summary judgment.

Nessmith appeals.

II

This court reviews summary judgment orders de novo and performs the same inquiry as the trial court. Owen v. Burlington N. & Santa Fe R.R. Co., 153 Wn.2d 780,

787, 108 P.3d 1220 (2005). All facts and reasonable inferences are viewed in the light most favorable to the nonmoving party—here, Nessmith. Owen, 153 Wn.2d at 787. Summary judgment is proper if the record before the trial court establishes "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c). A material fact is one upon which the outcome of the litigation depends. Owen, 153 Wn.2d at 789.

"The essential elements of an action for negligence are: (1) the existence of a duty owed to the complaining party; (2) a breach of that duty; (3) a resulting injury; and (4) a proximate cause between the breach and the injury." Christen v. Lee, 113 Wn.2d 479, 488, 780 P.2d 1307 (1989). "'To avoid summary judgment in a negligence case, the plaintiff must show a genuine issue of material fact on each element of negligence.'" Mortensen v. Moravec, 1 Wn. App. 2d 608, 614, 406 P.3d 1178 (2017) (quoting Clark County Fire Dist. No. 5 v. Bullivant Houser Bailey P.C., 180 Wn. App. 689, 699, 324 P.3d 743 (2014)).

A

We begin with the first element, duty. Nessmith argues there is a genuine dispute as to whether the assault was foreseeable. Nessmith also argues there is a genuine dispute as to whether Finne was "apparently intoxicated." We disagree.

"Generally, a person has no duty to prevent a third party from causing harm to another." Volk v. DeMeerleer, 187 Wn.2d 241, 255, 386 P.3d 254 (2016). Under Washington common law, "a commercial purveyor of alcoholic beverages owes a duty not to furnish intoxicating liquor to a person who is obviously intoxicated." Christen, 113 Wn.2d at 488. The scope of the common law duty, however, does not extend to

-4-

criminal assault. "Criminal assault is 'not within the general field of danger traditionally covered by the duty not to furnish intoxicating liquor to an obviously intoxicated person.'" Cameron v. Murray, 151 Wn. App. 646, 652, 214 P.3d 150 (2009) (quoting Christen, 113 Wn.2d at 496).[1]

There is an exception to the general rule of no duty if the harm was foreseeable. "The scope of the duty—to whom the duty is owed—depends upon the foreseeability of the harm." Mortensen, 1 Wn. App. 2d at 615 (citing McKown v. Simon Prop. Grp., Inc., 182 Wn.2d 752, 762, 344 P.3d 661 (2015)). In Christen, our Supreme Court held:

> a criminal assault is not a foreseeable result of furnishing intoxicating liquor to an obviously intoxicated person, unless the drinking establishment which furnished the intoxicating liquor had some notice of the possibility of harm from prior actions of the person causing the injury, either on the occasion of the injury, or on previous occasions.

113 Wn.2d at 498. Foreseeability "will be decided as a matter of law where reasonable minds cannot differ." Christen, 113 Wn.2d at 492.

In summary, a drinking establishment is liable for an assault by another patron if the drinking establishment (1) served liquor to the patron when the patron was obviously or apparently intoxicated, and (2) the injury was foreseeable because the drinking establishment had some notice of the possibility of harm from the prior actions of the patron.

---

[1] There is also a statutory prohibition similar to the common law. RCW 66.44.200(1) prohibits the sale of liquor to "any person apparently under the influence of liquor." The purpose of this provision is to protect against foreseeable hazards of driver error resulting from service to an intoxicated person. Dickerson v. Chadwell, Inc., 62 Wn. App. 426, 435, 814 P.2d 687 (1991) (citing Christen, 113 Wn.2d at 503). But the statute is not "intended to serve as an alternative means by which those assaulted by an intoxicated person can impose civil liability upon the sellers of alcoholic beverages." Dickerson, 62 Wn. App. at 435 (citing Christen, 113 Wn.2d at 503).

Here, the evidence in the record does not establish a genuine issue of fact as to whether Pho Liu was on notice of Finne's aggressive behavior or that he was intoxicated. Nessmith asserts that Pho Lui had notice of Finne's aggressive behavior on the night of the assault because Nessmith told Corella her concerns and other patrons also expressed similar concerns to Corella.[2] But Corella testified that she had never witnessed Finne behave aggressively or raise his voice. Corella also testified that she did not witness Finne and Murray arguing. And Jimmy testified that he did not witness Finne interacting with Nessmith. There is no evidence in the record that Nessmith informed anyone at Pho Liu that Finne appeared drunk or was aggressive toward her. That Finne spoke rudely to Murray in front of Corella and other patrons is not enough to put Pho Liu on notice of the possibility of Finne assaulting Nessmith.

Because Nessmith fails to establish notice, we do not address whether Finne was served alcohol in violation of RCW 66.44.200(1). Viewing the facts and reasonable inferences in the light most favorable to Nessmith, she fails to establish a genuine issue of material fact for the element of duty under this theory of liability.

Nessmith also argues Pho Liu failed to maintain a safe premises in violation of the general duty to protect visitors from third-party conduct.

A drinking establishment has a duty to "properly supervise its premises." Christen, 113 Wn.2d at 505. Under this theory of liability, a drinking establishment may

---

[2] While Nessmith's brief fails to cite to the record, in her response to interrogatories, Nessmith states:

"I noticed a couple at the other end of the bar. The male, who I later learned was Rudolph Finne, seemed to be 'ripping into' the female, who I later learned was Rebekah Murray, and based upon the look on her face I could tell she wasn't ok. I asked the bartender, Nicole, if the female was ok. Nicole told me 'Its fine, they always talk to each other like that.' She stated a couple of other patrons had also asked her about them."

be liable for a criminal assault by one of its patrons if the assault was reasonably foreseeable. <u>Christen</u>, 113 Wn.2d at 505. "In many cases where a criminal assault is found to have been foreseeable, the drinking establishment had failed to eject a patron whose prior actions provided it with notice of the possibility of harm." <u>Christen</u>, 113 Wn.2d at 505. The assault in this case was not reasonably foreseeable because the record shows no prior actions by Finne that would put Pho Liu on notice.

Accordingly, the trial court did not err by granting summary judgment in favor of Pho Liu and dismissing Nessmith's negligence claims.[3]

We affirm.

_____Mann, J._____

WE CONCUR:

_____Coburn, J._____          _____, ACJ_____

---

[3] Because we affirm summary judgment, we do not reach Nessmith's remaining arguments.